## 68561. THOMAS v. THE STATE.
(322 SE2d 308)

SOGNIER, Judge.

Appellant was convicted of armed robbery and contends on appeal the trial court erred by allowing into evidence declarations and acts of an alleged co-conspirator when there was no independent showing of a conspiracy prior to the admission of such evidence.

Appellant and Michael McPherson accosted Calvin Jacobs, the housing project manager at Yamacraw Village in Chatham County, Georgia, as he was leaving work. Appellant had a knife and McPherson had a gun, and they ordered Jacobs back into the rental office and made him lie down on the floor. Appellant and McPherson took Jacobs' personal weapon and took approximately $9,200 from the safe. Appellant and McPherson were apprehended at the scene by police, who had been informed a robbery was in progress and had surrounded the rental office.

Appellant argues it was error to allow testimony relating to acts and declarations of McPherson, particularly testimony that a knife was taken from him at the time he was apprehended. Appellant contends the State cannot introduce evidence of acts and declarations of a co-conspirator without first establishing that a conspiracy existed. This contention is without merit.

Appellant and McPherson acted jointly in the commission of the robbery, and statements made by a co-defendant during the commission of a crime are admissible as part of the res gestae. *Collins v. State*, 243 Ga. 291, 296 (5) (253 SE2d 729) (1979); OCGA § 24-3-3. Further, statements made by a co-defendant in the presence of a defendant are admissible in evidence. *Buttrum v. State*, 249 Ga. 652, 654-655 (6) (293 SE2d 334) (1982).

A conspiracy may be shown by circumstantial evidence, *Harris v. State*, 236 Ga. 242, 245 (2) (223 SE2d 643) (1976), and the facts here give rise to the conclusion that appellant and McPherson were engaged in a joint venture (conspiracy) to rob Jacobs of the money in the rental office. When a conspiracy is established by the evidence, all exhibits relevant to commission of the crime are admissible against a co-conspirator. *Williams v. State*, 149 Ga. App. 34 (1) (253 SE2d 432) (1979). It follows that *testimony* relating to relevant exhibits is also admissible.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Loren S. Granoff, Robert F. Polglase*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.