73725. PROPHITT v. THE STATE.
(358 SE2d 892)

BANKE, Presiding Judge.

Ben David Prophitt was convicted of two counts of aggravated assault. The evidence presented at trial established that as appellant was operating a glue machine at his place of employment, a verbal altercation ensued between him and a co-worker, following which he hit the co-worker with a hammer and shot him with a .25-caliber automatic revolver. He then ran to another area of the plant, where he shot a second co-worker three times. Testifying in his own behalf at trial, appellant admitted the shootings but contended that he had acted in self-defense. His trial counsel asserted the defense of mental incapacity. See generally OCGA § 16-3-2. *Held*:

1. Because the appellant had raised the defense of insanity, the trial court charged the jury in accordance with OCGA § 17-7-131 (b) (3), which provides as follows: "In all cases in which the defense of insanity is interposed, the trial judge shall charge the jury, in addition to other appropriate charges, the following: (A) I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, this court will maintain custody and control of the defendant until the court is satisfied that the defendant is not a danger to himself or to others. (B) I charge you that should you find the

defendant guilty but mentally ill at the time of the crime, the defendant will be given over to the Department of Corrections or the Department of Human Resources, as the mental condition of the defendant may warrant."

After the jurors had begun their deliberations, they asked for a "brief definition" of the possible verdicts they would be authorized to return. In response, the trial court instructed them, in pertinent part, that "a verdict of not guilty by reason of insanity would discharge [the appellant] from the offense charged, [and] he would be committed to the Department of Human Resources until he is no longer a danger to himself or others." As this language was at best ambiguous with regard to the crucial issue of who would have custody and control of the appellant and who would ultimately have the authority to discharge him in the event he were found not guilty by reason of insanity, we must agree with the appellant that the recharge constituted reversible error. Accord *Loftin v. State*, 180 Ga. App. 613 (3) (349 SE2d 777) (1986).

2. The state was allowed to introduce a certified copy of the appellant's 1973 conviction of aggravated assault with a pistol, subject to the limiting instruction that it was to be considered solely on the issue of the appellant's state of mind. The appellant contends that this prior offense was irrelevant to the only contested issue which was his mental capacity at the time that the present shootings were committed.

This issue has been decided adversely to the appellant in *Blake v. State*, 239 Ga. 292 (236 SE2d 637) (1977), where the Supreme Court ruled admissible evidence of a prior criminal act when the defendant's character was not in issue and when the only issue was his sanity at the time of the crime. The Court determined: "Evidence which is material and competent is not to be excluded merely because it is prejudicial. [Cit.] [The] testimony was both material and competent to show the state of mind, plan, and motive of the defendant. It tended to rebut his claim of insanity by showing a course of conduct . . . as contrasted to an act carried out while insane. Testimony relating to other crimes is admissible if such testimony aids in identification or shows the state of mind, plan, motive, or scheme of the accused." Id. at 295. See also *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

*Judgment reversed. Birdsong, C. J., McMurray, P. J., and Sognier, J., concur. Beasley, J., concurs specially. Carley, J., concurs in Division 1 and in judgment. Deen, P. J., Pope and Benham, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring specially.
1. I concur in Division 1 of the majority opinion and so concur in

reversing the conviction. However, I cannot concur in Division 2 and am of the opinion that the admission of the prior offense was also reversible error.

2. As the trial court instructed the jury, the aggravated assault of twelve years previously was "admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate and for that purpose alone." The court continued the restrictive caution: "You are not to consider evidence of any other possible offense or offenses for any other purpose, . . . you are considering it solely with reference to the mental state[,] intent or identity of the defendant insofar as the same is applicable to or referred to or illustrates the charges contained in this bill of indictment and for no other purpose." Of course, there was no issue as to identity, so that reference is superfluous.

The sole defense was mental capacity or illness at the time of the commission of the offense on trial, and in the final instructions, the court charged at length on the subjects of insanity and mental illness at the time of the act and the effect of a finding of either on the verdict to be rendered.

It is true that evidence of independent crimes is admissible under certain circumstances when the issue is state of mind. *Walraven v. State*, 250 Ga. 401, 408 (4) (b) (297 SE2d 278) (1982). What is meant by "state of mind?" As adopted in *Walraven*, " 'The state of mind that will permit the admission of an unrelated crime is the state of mind at the time of the commission of the offense as shown by the acts or words of the defendant so close in time to the alleged offense as to have a bearing upon his state of mind at that time. Defendant's conduct over the years cannot be shown to prove that he has a depraved or wicked state of mind generally.' [Cit.]"

The majority cites *Blake v. State*, 239 Ga. 292 (236 SE2d 637) (1977) as authority for the admissibility of the evidence here at issue. In that case, the Court recognized that defendant's prior threat against a child in order to influence the mother, his former wife, to accede to his wishes was material and competent to show his "state of mind, plan, and motive," tending to rebut the defense of insanity on the occasion in question "by showing a course of conduct." The time relationship between the prior incident in *Blake* and the crime on trial, the killing of the child of his girl friend with whom he had had a fight, is not evident from the opinion. Here, the prior aggravated assault is remote in time, having occurred over a decade earlier, and in my opinion is irrelevant in that it does not tend to serve the only relevant purpose for which it was offered and admitted, i.e., defendant's state of mind when he committed the acts for which he was on trial.

*State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980), also cited

by the majority, is also not supportive. It involves the admissibility of evidence of two subsequent drug sales, in a case involving a conviction for sale of marijuana. The Supreme Court held that it "was probative as to identity, the main issue in the case." Id. at 655. Thus it does not involve the relationship of a remote-in-time crime to the issue of state of mind, which we have here.

Since the prior aggravated assault was not relevant to the issue of defendant's state of mind at the time he shot at Randy Barrett with a pistol at the plant, its admission contravened OCGA §§ 24-9-2 and 24-9-20 and requires reversal.

BENHAM, Judge, concurring in part and dissenting in part.

While I concur with the majority's holding in Division 2, I must dissent from the reversal of appellant's conviction based upon the giving of what the majority perceives to be an "at best ambiguous" recharge on a verdict of not guilty by reason of insanity. As pointed out by appellant and acknowledged by the majority, the trial court had previously informed the jury of the tenets of OCGA § 17-7-131 (b) (3). It is my opinion that this factual distinction makes Loftin v. State, 180 Ga. App. 613 (3) (349 SE2d 777) (1986), inapplicable to the case at bar. Here, the jury was given a charge in the language of OCGA § 17-7-131 (b) (3) (A); the Loftin jury was not. I would affirm appellant's convictions for aggravated assault.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this opinion.

DECIDED JUNE 17, 1987.

Christopher W. Duncan, for appellant.

Michael H. Crawford, District Attorney, E. J. McCollum, Assistant District Attorney, for appellee.