A92A0640. WEEMS v. THE STATE.
(419 SE2d 346)

BEASLEY, Judge.

This is an appeal of a conviction of burglary. OCGA § 16-7-1.

The dwelling that was burglarized was an apartment at 125 Berlin Street in Athens, Georgia. The occupants of the apartment left at approximately 6:00 p.m. on March 24, 1990, and returned at approximately 11:00 p.m. on March 25 to find that their apartment had been ransacked. Cushions were off the sofas and drawers were pulled out. Several items had been stolen, including a CD player, a stereo receiver, an answering machine, a television, $200 to $250 in cash, two cameras, and some cologne. Entry was made by throwing a rock through a double-pane window in the back bedroom. The thief apparently exited through the back door of the apartment.

The next-door neighbor testified that she had seen appellant standing on her back patio peering into her apartment at approximately 3:30 to 4:00 p.m. either the day of the burglary or the day before. Latent fingerprints taken from the crime scene matched inked fingerprints of appellant.

Outside of the presence of the jury, the trial court heard argument on the state's notice of intent to introduce evidence of prior transactions. When asked the salient characteristics of the offenses, the prosecutor responded that they were all daylight burglaries of residences, entry was gained through windows when no one was home, and one of the burglaries involved an apartment in the same complex as the one in this case. Appellant objected, on grounds that the crimes were not sufficiently similar and there was nothing in the indictments sought to be admitted which showed the underlying facts of the offenses as stated by the prosecutor. The trial court ruled that the State could introduce evidence of the prior transactions, subject to proving similarity through the facts stated in the prosecutor's offer of proof.

During the course of the trial, the state introduced the following evidence of two similar transactions. The first involved a burglary committed by appellant a few days later on March 29, 1990, at the other apartment in the same complex. The investigating police officer testified that he responded to a burglary in progress at approximately 12:59 p.m. and encountered appellant running from the scene. Entry had been made by breaking a rear bedroom window, which had putty all over it where the glass had apparently just been replaced. A lot of white putty was found on appellant's clothing and shoes. Some items taken from the apartment were found in appellant's possession. Several small electrical appliances had been placed beside the broken window.

The second transaction concerned a burglary committed by appellant on December 16, 1987, at a single-family residence at 3896 Old Lexington Road in Clarke County. It occurred around 11:30 a.m. Entry was gained by breaking a glass pane in a window to the right of the front door. The house had been ransacked. Several items, including six rifles, a shotgun, a television, and a VCR had been placed near the inside of the front door.

The trial court charged the jury that evidence of the other, similar transactions was to be considered only for the limited purpose of showing that the bent of mind or the method of operation employed by the person who committed the other two burglaries was such that it tended to point to defendant as the person who committed the burglary on trial. The court also reminded the jury that defendant was on trial only for the March 24-25 incident.

Citing *Williams v. State,* 261 Ga. 640, 641 (2b) (409 SE2d 649) (1991), *Stephens v. State,* 261 Ga. 467, 468 (6) (405 SE2d 483) (1991), and *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952), appellant argues that the independent burglaries did not bear a sufficient similarity to the one at bar to authorize their admission in evidence. Appellant also complains that, contrary to the requirements of Williams, the State did not inform the trial court of the purpose for which evi-

dence of the other crimes was being offered, and the trial court did not make any findings with respect to whether such purpose was appropriate.

*Williams*, decided after this trial, establishes a procedure which requires that before any evidence of independent offenses may be admitted in evidence, a hearing must be held pursuant to USCR 31.3 (B) at which the State makes three affirmative showings. "The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility. The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to that particular independent offense or act." (Footnotes omitted.) *Williams*, supra at 642.

*Williams* and *Stephens* both recognized as seminal the decision in *Bacon*. Bacon was convicted of burglary based on his having entered an upstairs room in a rooming house by breaking a window and taken certain articles. A police officer testified that he had also arrested the defendant on two other occasions, once while attempting to burglarize a store by breaking and entering through a rear window, and a second time while trying to remove a window from the back porch of a residence.

The Court of Appeals held that evidence of the independent crimes was admissible under familiar exceptions to the general rule of inadmissibility. *Bacon v. State*, 85 Ga. App. 630, 632 (2) (70 SE2d 54) (1952). The Georgia Supreme Court reversed, holding that evidence of the other burglaries should not have been admitted under the general rule "that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort,* is irrelevant and inadmissible.' . . . [Cits.]" (Emphasis in original.) *Bacon*, supra at 262.

The Supreme Court held that "[w]hile other offenses shown by the evidence objected to were of the same sort as the one for which the defendant was on trial, this did not render the evidence admissible, for they were wholly independent, separate and distinct. [Cit.] There was absolutely no logical connection between them and the

case on trial, as required . . . before such evidence would be admissible for the purpose of showing intent. [Cits.] . . . [C]riminal intent is an essential element in every crime where criminal negligence is not involved . . . and to hold . . . that evidence of other offenses is always admissible to show intent, whether or not there be any logical connection between them and the case on trial, would be to abolish the general rule, and to establish the exception as the general rule without any exception thereto." Id. at 263-264.

*Williams* noted: "The rationale . . . is that evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue."

Under these decisions, there is an insufficient similarity or connection between the burglary of the single-family residence in 1987 and the crime charged so that evidence of that independent crime was inadmissible. However, the burglary of another apartment in the same apartment complex by the same mode within days after the commission of the present burglary was sufficiently similar and connected to warrant admission of the evidence of it, for the purpose of showing method of operation and therefore identity. As to this evidence of repetitious behavior close in time and location, which the court limited the use of, a reversal for failure to follow *William's* sequential procedure is not warranted.

The improper admission of evidence of other crimes is prejudicial. However, given the permissible proof of the burglary of the other apartment in the same complex, and in view of the fingerprint evidence against appellant as to the crime charged, it is highly probable that any error in the admission of evidence of the burglary of the single-family residence did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1992.

*Russell C. Gabriel,* for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney,* for appellee.