A92A1103, A92A1104. WHEAT v. THE STATE (two cases).

(422 SE2d 559)

CARLEY, Presiding Judge.

Appellants Annie and Anthony Wheat, who are mother and son, were tried jointly before a jury and found guilty of possession of cocaine. Separate notices of appeal were filed from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt. The two cases are hereby consolidated for appellate disposition in this single opinion.

1. Annie Wheat enumerates the general grounds.

The evidence, when construed most strongly to support the verdict, shows the following: During the execution of a search warrant, an officer discovered Annie Wheat alone in her bed. She appeared to be emptying something under the covers. When she arose, she had an empty bottle in her hand. Cocaine was found under the covers of the bed. Anthony Wheat's testimony at trial was inculpatory of his mother. His pre-trial statements were inculpatory of himself, but not exculpatory of his mother. In those pre-trial statements, he merely claimed that the cocaine was his and not his mother's. However, it was possession of the cocaine, not ownership, that was at issue. Annie Wheat did not testify in her own defense and deny under oath that, at the time of the execution of the search warrant, she had not been in actual possession of the cocaine.

The evidence was more than sufficient to authorize any rational trior of fact to find proof of Annie Wheat's guilt of possession of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Both appellants had previous convictions. Citing *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991) and *Williams v. State*, 261 Ga. 640, 642-643 (2c, d) (409 SE2d 649) (1991), they enumerate as error the admission of evidence of those prior convictions.

As to Anthony Wheat, the record shows that the issue of whether the admission of his prior convictions was erroneous under *Stephens* and *Williams* was not preserved for appellate review. *McGaha v. State*, 204 Ga. App. 248 (418 SE2d 802) (1992); *Randolph v. State*, 203 Ga. App. 115 (1) (416 SE2d 117) (1991); *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991).

As to Annie Wheat, there was a sufficient objection to the showing of the similarity of her prior convictions for possession of marijuana with intent to distribute and for possession of cocaine. The State urges that there was no error in admitting only a certified copy of her indictment and guilty plea as to those crimes, since the face of the indictment shows that those crimes were also for possession of drugs and that they had been committed in the same county within the previous three years. See *Moore v. State*, 202 Ga. App. 476, 479

(2b) (414 SE2d 705) (1992); *Banks v. State,* 201 Ga. App. 266, 268 (1) (410 SE2d 818) (1991). Compare *Beasley v. State,* 204 Ga. App. 214, 217 (3) (419 SE2d 92) (1992); *Little v. State,* 202 Ga. App. 7 (1) (413 SE2d 496) (1991).

However, we need not decide whether the face of the indictment was sufficient to demonstrate the similarity between Annie Wheat's alleged instant possession of cocaine and her prior convictions for possession of drugs. Even assuming that it was error to admit the certified copy of the indictment without any additional showing of similarity, it is clear that "an erroneous admission of 'other transaction' evidence may be harmless." (Emphasis omitted.) *Faison v. State,* 199 Ga. App. 447, 449 (1) (405 SE2d 277) (1991). See also *Stephens v. State,* supra at 469 (6); *Little v. State,* supra at 8 (1). As noted in Division 1, the evidence of Annie Wheat's guilt of possessing cocaine was uncontroverted and any dispute as to ownership of the cocaine would be immaterial. The evidence of her guilt was overwhelming and "error, if any, in the admission of [her] prior conviction[s] would 'not mandate a reversal because it is highly probable that that error did not contribute to the guilty verdict. (Cit.)' [Cit.]" *Johnson v. State,* 204 Ga. App. 246 (4) (419 SE2d 107) (1992). Compare *Beasley v. State,* supra at 217 (3).

3. Pursuant to appellants' motion under *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the trial court required the State to explain its use of peremptory strikes. The State cited the unemployment of two prospective jurors as its explanation for striking them. Contrary to appellants' assertions on appeal, the trial court was authorized to find this to be a sufficiently neutral, legitimate and nondiscriminatory explanation. *Evans v. State,* 183 Ga. App. 436, 440 (3) (359 SE2d 174) (1987). See also *Hillman v. State,* 184 Ga. App. 712, 713 (1) (362 SE2d 417) (1987). " 'The trial court's findings are, of course, entitled to "great deference," (cit.), and will be affirmed unless clearly erroneous.' [Cit.]" *Bess v. State,* 187 Ga. App. 185, 186 (1) (369 SE2d 784) (1988). Accordingly, there was no error in the trial court's disposition of appellants' *Batson* motion.

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Grantham & Peterson, Elizabeth W. McBride,* for appellant (case no. A92A1103).

*Robert L. Wadkins,* for appellant (case no. A92A1104).

*Douglas C. Pullen, District Attorney, Edward F. Berry, Assistant District Attorney,* for appellee.