A92A1636. FAULKNER et al. v. THE STATE.
(424 SE2d 287)

JOHNSON, Judge.

Ronald and Tommy Faulkner were convicted of burglary. A motion for a new trial was denied, and they appeal.

1. The Faulkners allege that the trial court erred in admitting similar transaction evidence. The state introduced into evidence certified copies of two indictments bearing guilty pleas, one for an offense committed by Tommy Faulkner only, the other involving both Ronald and Tommy Faulkner. The officer who proffered the documents was not employed by the sheriff's department at the time of either offense and therefore had no personal knowledge regarding details of either incident. Presentation of evidence of similar crimes solely by introducing certified copies of guilty pleas was held to be reversible error in *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496) (1991). In *Little*, this court relied on the procedures for admission of prior criminal transactions outlined recently in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), which place an affirmative burden on the state to establish the similarity between the former transaction and crime being prosecuted. The mere recitation of the nature of the crime stated on the face of the indictment does not establish a nexus with the crime being tried to satisfy the requirements of *Williams* and *Stephens*, supra. Accordingly, we reverse.

2. The Faulkners contend that the trial court erred by refusing to instruct the jury on the lesser included offense of theft by receiving. This enumeration is wholly without merit. As in *Faust v. State*, 189 Ga. App. 426 (375 SE2d 889) (1988), the Faulkners were indicted for burglary only. "Theft by receiving stolen property is not a lesser included offense of burglary. [Cits.]" Id. at 427. "A defendant is not entitled to an instruction on an offense for which he is not being tried, and which is not a lesser included offense of the one he is defending. [Cit.]" *Ford v. State*, 201 Ga. App. 382 (1) (411 SE2d 334)

(1991). The trial court correctly refused to charge the jury on the offense of theft by receiving stolen property.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 7, 1992 —
RECONSIDERATION DENIED OCTOBER 26, 1992.

*David C. Jones, Jr.*, for appellants.
*Timothy G. Madison, District Attorney*, for appellee.