## A04A1484. CARTER v. THE STATE.
(604 SE2d 210)

ELDRIDGE, Judge.

Jimmy Carter was convicted by a Muscogee County jury of the offense of burglary. Carter appeals from the denial of his motion for new trial. Without challenging the sufficiency of the evidence, he alleges that the trial court erred in allowing the similar transaction evidence at trial. We disagree and affirm.

In the light most favorable to the verdict,[1] the evidence shows

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that on Tuesday, January 21, 2003, Amanda Morris was awakened between 1:30 and 2:00 a.m. by a loud booming noise. When she came out of her bedroom, she saw Carter standing in her dining room, about three or four feet inside the back door. Morris informed Carter she had a weapon, and Carter walked out the back door. The back door frame was broken, and the back door was split in half. Morris called 911. While she was talking on the telephone with the 911 operator, Morris walked outside and observed Carter walking out of her driveway. Morris testified that from her position she could see Carter walk to the end of the dead end street, crawl on his stomach to the other side, and start walking back up the street toward Morris' house.

Valdomar Mendiaz and Teresa Lively, friends of Morris, coincidentally arrived at Morris' house while Morris was on the telephone with the 911 operator. Mendiaz had come to Morris' house to pick up his car which he had lent her earlier in the day. Mendiaz, a member of the 3rd Ranger Battalion, testified that he started to walk down the dead end street looking for Carter, when Morris who was standing on the higher elevated patio called out that Carter was walking back up the street toward him. Mendiaz met Carter about two houses down the street from Morris' house and told Carter he needed to talk with him. Carter stated to Mendiaz that he was in the area because he was being chased by some men. Columbus police arrived. Carter told police that he was chasing two men off from his house and ended up behind Morris' house. Carter further stated that during the struggle between them, Morris' back door was knocked down. Carter was taken into custody.

The evidence of the prior burglary showed that on Tuesday, May 2, 2000, at 1:30 a.m., Officer Keith Gibson, of the Columbus Police Department, responded to a burglary in progress call. When Officer Gibson arrived, Carter was coming out the door of a vacant, but furnished, duplex apartment. The owner of the duplex lived in the other apartment. The door of the vacant apartment had been forced open. Carter stated to police that he had entered the apartment in order to get a lightbulb.

"The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *McMahon v. State*, 258 Ga. App. 512, 516 (5) (574 SE2d 548) (2002).

> In order for similar transaction evidence to be admissible, the State must show (1) that it seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility, (2) that there is sufficient

evidence to establish that the accused committed the independent offense or act, and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Frady v. State*, 245 Ga. App. 832, 834-835 (4) (538 SE2d 893) (2000), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

*Myers v. State*, 256 Ga. App. 135, 141-142 (3) (567 SE2d 742) (2002). The burden of proof at a similar transaction hearing is a preponderance of the evidence. *McMahon v. State*, supra.

In this case, Carter argues that there was insufficient similarity between the prior burglary and the burglary in this case. The trial court admitted evidence of the similar transaction to show Carter's bent of mind and course of conduct.

> The law does not require that a similar transaction crime be identical to the crime charged. There can be substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. The State may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity.

(Citation omitted; emphasis in original.) *Huff v. State*, 248 Ga. App. 233 (546 SE2d 24) (2001). Here, both burglaries took place between 1:30 and 2:00 a.m. on a Tuesday morning; were in the same neighborhood; entry was gained by forcing open a locked door; and defendant exited by going out the door he entered. Further, in both instances Carter gave police improbable stories in an attempt to justify his entry into the residence in question; in this case stating that he was chasing some men and that the door to the victim's home was broken in a struggle between them and, in the similar transaction, stating that he had entered the residence to get a lightbulb. Given these similarities, we cannot say the trial court abused its discretion in admitting the similar transaction evidence.

This case is distinguishable from *Weems v. State*, 204 Ga. App. 352 (419 SE2d 346) (1992), upon which Carter relies. In *Weems* this

court found that evidence of the defendant's burglary of a single-family residence in Clarke County three years prior to the indicted offense of burglary of an apartment in the City of Athens was not sufficiently similar to be admissible. Id. at 355. However, in this case there are more elements of similarity between the burglary charged and the burglary in the previous transaction than were apparent in the burglary improperly admitted in *Weems*. See *Carmichael v. State*, 251 Ga. App. 611, 614 (2) (554 SE2d 802) (2001).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED AUGUST 10, 2004 —
RECONSIDERATION DENIED AUGUST 31, 2004.

Jimmy Carter, *pro se.*

J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney, for appellee.