A07A1160. CALLOWAY v. THE STATE.
(651 SE2d 190)

MILLER, Judge.

Following a jury trial, Owen Wayne Calloway, Jr., was convicted of child molestation. On appeal, he alleges that his trial counsel was ineffective in failing to object to the introduction of similar transaction evidence. Calloway claims that the similar transactions were inadmissible because too much time had elapsed between them and the charged offense. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that seven-year-old K. E. lived with her father, but stayed with her mother on weekends and during school holidays. One night between April and June 2004 when K. E. was staying at her mother's house, Calloway,

---

who is K. E.'s grandfather, was also visiting the home. When K. E. got scared in the middle of the night, she walked to the room where Calloway was sleeping and got in bed with him. Shortly thereafter, Calloway pulled up K. E.'s nightgown and fondled her under her diaper. The molestation ended when K. E.'s stepfather came in the room and told her to go back to her own bed.

The State presented evidence that Calloway previously molested K. E.'s half-sister (who was his step-granddaughter) and K. E.'s mother (who is his daughter). K. E.'s half-sister, who was twenty-one at the time of trial, testified that when she was around five or six years old, she awoke from a bad dream and called out for her father. Calloway, who was visiting the family home, came into her room, took her back to where he was sleeping, and fondled her "[e]verywhere." K. E.'s mother, who was thirty-four at the time of trial, testified that when she was eight or nine years old, she was visiting Calloway at his home when he came to her while she was sleeping, reached up her nightgown, and fondled her over her underpants.

Calloway claims that his trial counsel was ineffective in failing to preserve his objection to the admissibility of the similar transaction evidence. While trial counsel objected to the introduction of such evidence at the pretrial hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), he failed to object to the testimony of K. E.'s half-sister and mother describing the similar transactions and thereby failed to preserve his objection for review. See *McGuire v. State*, 266 Ga. App. 673, 676 (2) (598 SE2d 55) (2004).

To show ineffective assistance of counsel, Calloway was required to show that his counsel's performance was deficient and that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Williams v. State*, 273 Ga. App. 321, 322 (615 SE2d 160) (2005). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Calloway claims that the similar transaction evidence was inadmissible solely because too much time had elapsed between the separate offenses and the charged offense. In the case of K. E.'s half-sister, approximately 15 years had elapsed since the alleged offense, and in the case of K. E.'s mother, approximately 26 years had elapsed since the alleged offense.

The Supreme Court of Georgia has held that "while the passage of time is one of the more important factors to weigh in considering the admissibility of the evidence in question, it is not wholly determinative." (Citation omitted.) *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998). While a lapse of 31 years was found, as a

matter of law, to be too remote (*Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991)), "the lapse of time generally goes to the weight and credibility of the evidence, not to its admissibility." (Citations and punctuation omitted.) *Hinton v. State*, 280 Ga. 811, 817 (6) (631 SE2d 365) (2006) (permitting introduction of evidence of attempted rape that occurred 17 years prior to murder for which defendant was charged).

The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. *Wells v. State*, 208 Ga. App. 298, 303 (2) (b) (430 SE2d 611) (1993). In *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d 491) (1996), this Court upheld the admissibility of similar transaction evidence of the defendant's sexual assault of other family members that occurred 24 and 27 years previously. We held that "particularly in cases involving the sexual exploitation of young family members over generations, the remoteness in time is not wholly determinative, but goes to weight and credibility." See id.; see also *Delk v. State*, 274 Ga. App. 261, 262-263 (2) (619 SE2d 310) (2005) (upholding admissibility of similar transaction evidence of the defendant's molestation of a different family member that occurred 25 years previously).

Here, while a significant number of years elapsed between the prior independent acts and the charged offense, the prior acts showed a specific course of conduct and particular pattern of behavior in which Calloway would lie in bed with and fondle female relatives between the ages of five and nine, either while the girls were visiting his home or while he was visiting theirs. As a result, the probative value of the prior acts was not outweighed by their prejudicial effect, and the trial court did not err in admitting such evidence. See *Fielding v. State*, 278 Ga. 309, 310-311 (2) (602 SE2d 597) (2004).

Given that the trial court properly admitted the similar transaction evidence, the performance of Calloway's counsel was not deficient in failing to object to the testimony of K. E.'s half-sister and mother. See *McGuire v. State*, 266 Ga. App. 673, 678 (4) (a) (598 SE2d 55) (2004) ("trial counsel's failure to pursue a futile objection does not constitute ineffective assistance") (citation and punctuation omitted).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2007.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Thomas J. Ludlam, Assistant District Attorney*, for appellee.