A09A0976. HENDERSON v. THE STATE.
(685 SE2d 454)

BERNES, Judge.

A Richmond County jury convicted Antonio Henderson of three counts of burglary (OCGA § 16-7-1 (a)), theft by receiving stolen property (OCGA § 16-8-7 (a)), fleeing or attempting to elude a police officer (OCGA § 40-6-395 (a)), and obstructing or hindering a law enforcement officer (OCGA § 16-10-24 (a)). The trial court denied Henderson's motion for new trial, from which he appeals. Henderson contends that the trial court erred in admitting evidence of a similar transaction. He further contends that the trial court erred in admitting evidence of a stolen item found at his co-defendant's residence and that his trial counsel was ineffective in failing to object

---

[2] According to Pechtel, on the employer's projects "there's never an end date."

to this evidence.[1] We discern no error and affirm.

Viewed in the light most favorable to the verdict,[2] the evidence at trial showed that in late November and early December 2002, a series of burglaries occurred in a residential neighborhood in Richmond County. The burglaries took place at residences located within one mile of each other and during the daytime when the residents were not present. To accomplish the burglaries, the perpetrators kicked open the doors to the residences, entered and ransacked the properties, and took multiple items without the homeowners' permission or authority.

One of the burglaries occurred on November 29, 2002. When the property owner returned home, he noticed that the front door had been kicked off its hinges, the storm door had been "ripped" apart, the house had been ransacked, and his belongings had been scattered about his front yard. Items taken during the burglary included a total of eight firearms, a new television, a firefly lantern stand, and approximately $11 in cash.

Another two burglaries occurred on December 3, 2002. In one of those burglaries, the carport door to the residence had been kicked open with such force that the door frame was split and broken. Items taken during the burglary included two shotguns, a television, a VCR, a toolbox, a wrench set, a credit card, a stereo, a CD player, a radio, a hunting jumpsuit, a camera, and approximately $300 in cash.

In the second burglary that day, the front door of the residence had been kicked in and the house had been ransacked. Items taken during that burglary included four guns, ammunition, knives, jewelry, various clothing items, food, alcoholic beverages, china, televisions, VCRs, DVD players, compact discs, and movies.

During the police investigation of the crimes, a resident of the neighborhood reported having seen a suspicious burgundy-colored car with two occupants traveling through the area when the crimes took place. The investigating detective recognized a pattern in the perpetrators' behavior and decided to conduct surveillance of the area on December 6, 2002. At some point during the surveillance, the detective observed a burgundy Pontiac Grand Am approaching the area. Henderson was driving and co-defendant Ronald Thompkins

---

[1] Henderson also enumerated that the trial court erred in admitting evidence of his pretrial confession to police. But, because Henderson's brief merely sets forth a "standard of review" and fails to present any argument or citation of authority in support of his claim, it is deemed abandoned and will not be considered. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Walker-Carter v. State*, 291 Ga. App. 362, 362-363 (662 SE2d 220) (2008); *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

was riding as a passenger.

Because the vehicle fit the description provided by the neighbor, the detective began following it in hopes of obtaining the tag number. When Henderson noticed that he was being followed, he accelerated and led the detective on a high-speed chase, traveling in the residential neighborhood at speeds of up to 90 miles per hour. The detective turned on the blue lights and siren of his police car, but instead of stopping, Henderson drove faster. Another deputy in a marked patrol car with the blue lights activated joined the chase. Henderson continued to travel at a high rate of speed. Eventually, Henderson and Thompkins jumped out of their vehicle and attempted to flee on foot. Both men were subsequently captured. When Henderson was apprehended, he fought with the deputy and other arresting officers until the officers were finally able to restrain him.

Following his arrest, Henderson was advised of his *Miranda*[3] rights. He signed a written waiver of counsel form and agreed to speak with the detective in two successive interviews.[4] In his initial statement, Henderson admitted that the vehicle he had been driving was stolen. In his subsequent statement, Henderson admitted that he had participated in the three burglaries.

The investigating officers recovered items taken during the burglaries when they searched Henderson's and Thompkins' respective residences. The stolen vehicle that Henderson had been driving was identified and returned to its rightful owner.

Henderson was indicted, tried, and convicted of three counts of burglary, theft by receiving stolen property, fleeing or attempting to elude a police officer, and obstructing or hindering a law enforcement officer. Following the denial of his motion for new trial, Henderson filed the instant appeal.

1. Henderson first claims that the trial court erred in admitting similar transaction evidence relating to his 1993 burglary conviction. He contends that the prejudicial effect of the evidence outweighed its probative value and that the lapse of ten years between the crimes rendered the similar transaction too remote in time. We disagree.

> In a criminal trial, evidence of another crime may be admitted if: (1) sufficient evidence shows the defendant committed the other crime; (2) the other crime is sufficiently similar to or connected to the crime with which the defendant is charged such that proof of the former tends to prove the latter; and (3) the evidence is tendered for an appropriate purpose.

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[4] Henderson refused to allow the police officers to tape record his confession.

*Banks v. State*, 225 Ga. App. 754, 755 (2) (484 SE2d 786) (1997). See also *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The trial court's decision to admit prior similar transaction evidence will not be disturbed absent an abuse of discretion. *Carter v. State*, 269 Ga. App. 363, 364 (604 SE2d 210) (2004).

After conducting a pretrial hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court ruled that the state had met its burden to authorize admission of the similar transaction evidence. The state established that in 1993, Henderson had entered a guilty plea to a burglary charge stemming from his burglary of another residence in Richmond County. The method of committing the burglaries in the prior case and in this case were identical — all of the burglaries occurred in the same general vicinity and involved Henderson's use of a stolen vehicle, act of kicking in doors to gain unauthorized entry to the residences, and flight from police in attempts to evade apprehension. Moreover, several of the items taken during each burglary were very similar in nature. The trial court determined that the evidence of Henderson's prior burglary was sufficiently similar and was admissible for the proper purpose of showing Henderson's scheme, bent of mind, and course of conduct. The trial court further ruled that the evidence was not more prejudicial than probative, but rather was relevant to the issues in the case. We discern no error in the trial court's ruling. See *Carter*, 269 Ga. App. at 365-366; *Banks*, 225 Ga. App. at 755-756 (2).

Moreover, the similar transaction was not rendered inadmissible because it occurred ten years prior to the burglaries in this case. "[W]hile the passage of time is one of the more important factors to weigh in considering the admissibility of the evidence in question, it is not wholly determinative." *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998). The ten-year lapse of time in this case was not too remote, and only presented an issue as to the weight and credibility of the evidence, not its admissibility. See id.; *Calloway v. State*, 287 Ga. App. 265, 266-267 (651 SE2d 190) (2007); *Banks*, 225 Ga. App. at 755-756 (2); *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993). The "lapse in this case is mitigated somewhat by the fact that appellant was incarcerated" for at least a portion of those ten years. *Mullins*, 269 Ga. at 158 (2).

2. Henderson further contends that the trial court erred in admitting evidence of the stolen firefly lantern stand that was recovered from his co-defendant's residence. But, because Henderson failed to interpose a timely objection when this evidence was introduced at trial, his claim of error has been waived. See *Hester v. State*, 287 Ga. App. 434, 438 (3) (a) (651 SE2d 538) (2007) ("[F]ailure to make a timely objection to evidence when it is offered results in a waiver of any objection that might have been urged.") (citation and

punctuation omitted); *Capps v. State*, 273 Ga. App. 696, 697 (1) (615 SE2d 821) (2005) ("[U]nder the contemporaneous objection rule[,] . . . one must object to evidence when it is actually offered, and the failure to object waives any objection which might have been raised.").

3. Lastly, Henderson argues that his trial counsel rendered ineffective assistance by failing to object to the firefly lantern stand evidence when it was presented at trial.

> In order to succeed on this claim, [Henderson] must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)[.]

*Castillo v. State*, 281 Ga. 579, 584 (7) (642 SE2d 8) (2007). "The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous." *Calloway*, 287 Ga. App. at 266. We discern no error here.

The evidence shows that one of the burglary victims testified and identified the firefly lantern stand as one of the items stolen during the burglary of his residence. In Henderson's pretrial statement to police, he confessed that he had participated in this burglary with Thompkins, and further admitted that he had taken the firefly lantern stand. As such, this stolen item was properly admitted as relevant evidence of Henderson's guilt of the crime, and his trial counsel was not ineffective in failing to make a meritless objection to its admission. See *Williams v. State*, 290 Ga. App. 841, 845 (4) (b) (660 SE2d 740) (2008) ("Trial counsel cannot be deemed ineffective for failure to make a futile or meritless objection."); *Thomas v. State*, 172 Ga. App. 38, 39 (322 SE2d 308) (1984) ("When a conspiracy is established by the evidence, all exhibits relevant to commission of the crime are admissible against a co-conspirator. It follows that testimony relating to relevant exhibits is also admissible.") (emphasis omitted).[5]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[5] In a passing reference, Henderson also argues that the trial court erred in denying his motion for a mistrial based upon allegedly improper closing arguments made by the prosecution. But, this argument is deemed abandoned since it does not lie *within the scope of* the enumerations of error presented for our review and has not been supported by argument, citation of authority, and reference to the record. See Court of Appeals Rule 25 (c) (2); *Kohlhaas v. State*, 284 Ga. App. 79, 85 (2) (e) (643 SE2d 350) (2007) ("On appeal[,] an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration.") (citation and punctuation omitted).

DECIDED OCTOBER 15, 2009.

*Barbara B. Claridge*, for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.