## A09A2005. HIGHT v. THE STATE.
### (692 SE2d 69)

DOYLE, Judge.

Following a jury trial, Ronald Hight appeals from his recidivist conviction of burglary[1] (two counts), theft by taking[2] (four counts), and criminal trespass,[3] contending that the trial court erred by (1) admitting certain evidence of similar transactions, (2) denying his motion for a mistrial after jurors viewed him in restraints, (3) ruling that he received effective assistance of counsel, (4) failing to exercise discretion in sentencing him to serve the maximum sentence, and (5) imposing a cruel and unusual sentence. For the reasons that follow, we affirm.

Construed in favor of the verdict,[4] the evidence shows that Hight and two accomplices broke into two houses, each on separate daytime occasions in October 2007, and damaged property and stole items including a total of thirty firearms, $12,000 in cash, various electronics, tools, and assorted personal items. Hight and his accomplices were arrested and charged with crimes based on the burglaries; both accomplices testified against Hight, who was convicted and now appeals.

1. Hight contends that the trial court erred in admitting evidence of two similar burglaries he had participated in because they were not sufficiently similar to the indicted acts. We disagree.

> [E]vidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct[ ] outweighs its prejudicial impact. Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the

---

[1] OCGA § 16-7-1 (a).
[2] OCGA § 16-8-2.
[3] OCGA § 16-7-21 (a).
[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.[5]

The trial court's determination on the admissibility of similar transaction evidence should be upheld unless it is an abuse of discretion.[6]

Hight concedes on appeal that, under existing precedent, the two prior burglaries were "similar enough" to warrant admission as similar transactions.[7] Both similar transactions were daytime residential burglaries in November and December 1989. One burglary was conducted at the same house as one in this case, and the other involved the theft of multiple firearms and an exit through a carport door, as in this case. With respect to the time lapse, it is undisputed that from 1995 to 2006, Hight was incarcerated, so prejudice from the age of the transaction is lessened.[8]

Nevertheless, Hight requests that we depart from our precedent or modify the law. In light of the applicable precedent[9] and the similarities in this case, we decline to do so.

2. During trial, it was brought to the court's attention that a juror entered the jury room at the same time Hight was in the hallway in restraints. Hight moved for a mistrial on the ground that the juror could be biased by the sight of him in restraints. After interviewing the juror, the court offered to excuse the juror, which remedy Hight declined, and the trial court denied the motion for mistrial. Hight contends this was reversible error; we disagree.

> Although a defendant has the right to be free of the atmosphere of partiality created by the use of excessive guards or shackles in the courtroom, the mere fact of seeing an indicted accused in custody — not in the courtroom, as in the instant case, is not grounds for an automatic mistrial, but is addressed to the sound discretion of the trial court.[10]

Here, the trial court asked the juror whether she saw Hight in the hallway, and the juror responded that she had not noticed

---

[5] (Citations and punctuation omitted.) *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009).

[6] See id. at 121.

[7] See, e.g., *Henderson v. State*, 300 Ga. App. 478, 481 (1) (685 SE2d 454) (2009); *Carter v. State*, 269 Ga. App. 363, 365 (604 SE2d 210) (2004).

[8] See *Pareja*, 286 Ga. at 119-120.

[9] See *Henderson*, 300 Ga. App. at 481 (1) (finding no abuse of discretion where burglaries were performed in same vicinity using the same methods and involving similar items taken); *Carter*, 269 Ga. App. at 365 (finding no abuse of discretion where prior burglary was performed during the same time of day, in the same neighborhood, with same method of entry and exit).

[10] *Smith v. State*, 294 Ga. App. 692, 701 (8) (670 SE2d 191) (2008).

anybody. The bailiff also offered that he discreetly stopped the juror's progress in the hallway and positioned his body to obstruct her view of the area where Hight was present. Further, at the motion for new trial hearing, Hight did not proffer evidence from any jurors to demonstrate prejudice.[11] Under these circumstances, we discern no abuse of discretion in the trial court's denial of Hight's motion for a mistrial.

3. Hight also contends that the trial court should have granted him a new trial based on a claim of ineffective assistance of counsel. However, in his appellate brief, Hight concedes that "there is no authority to support that counsel was ineffective." In light of this concession, he has failed to meet his burden on appeal to demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[12]

4. Hight further contends that the trial court erred by deciding his sentence before holding the sentencing hearing. After hearing from the victims and from Hight himself, the trial court stated "I wrote the sentence out before I even came in here this morning. . . . I already knew from the [trial] evidence and all what I was going to do." After prior convictions were proved on twenty-four felony counts in eight different indictments (at least three of which resulted in felony sentences of confinement), the trial court sentenced Hight to two consecutive terms of twenty years to serve in confinement, based on the two guilty verdicts of burglary (merging the remaining counts of the indictment) and Hight's recidivism.[13]

Without citing any authority, Hight contends that the trial court erred in so sentencing him. However, the trial court explicitly explained that it was "exercising discretion to sentence to two terms of twenty years consecutive, all to serve," which is within the statutory limits.[14] "[T]his court will not disturb a sentence within the statutory limits. . . . [Hight] has no cause for complaint that the court, in the exercise of its discretion, declined to probate or suspend a portion of the recidivist sentence."[15]

5. Finally, Hight contends that the sentence he received was cruel and unusual and therefore violated his constitutional rights. However, sentencing within statutory limits under OCGA § 17-10-7

---

[11] See id.; *Wilbanks v. State*, 251 Ga. App. 248, 252 (3) (554 SE2d 248) (2001).

[12] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[13] See OCGA §§ 16-7-1 (a), (b); 17-10-7 (c).

[14] See *id.*

[15] (Punctuation and footnote omitted.) *Henderson v. State*, 247 Ga. App. 31, 32 (2) (543 SE2d 95) (2000).

(c) to confinement without parole has been held to be constitutional.[16] This enumeration is therefore without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 12, 2010.

*Daniel D. Morgan*, for appellant.

*Leigh E. Patterson, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.

---

[16] See *Howard v. State*, 233 Ga. App. 724, 727 (1) (c) (505 SE2d 768) (1998), overruled on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003).