## A89A0181. MIASSO v. THE STATE.
### (381 SE2d 315)

DEEN, Presiding Judge.

On the evening of January 30, 1986, appellant Miasso, accompanied by a male friend and two women, drove to Gainesville, Georgia, from Atlanta and checked into a motel. After dinner the women left their motel room and went for a walk, leaving the two men behind. The women soon encountered a Mr. Wiley, who accompanied them back to their room. Once they were inside, a man subsequently identified as Miasso (pointing a gun), and a male companion (brandishing a knife), leapt from the closet; relieved Wiley of all his valuables (including, ironically, his wedding ring); and, after taping his mouth, wrists, and ankles, placed him in a bathtub. The women then went to a bar, where they met a Mr. Earls, who accompanied them to their room, where he suffered the same fate as Wiley. Earls was robbed of all valuables on his person, including a wallet containing $180; the assailants also took a toolbox from the trunk of his car and then drove back to Atlanta, leaving both victims immobilized in the bathtub.

The men eventually freed themselves and reported the incident to local police. Not wishing their wives to learn that they had accompanied women to a motel room for purposes that might seem all too obvious, they altered the truth by saying that the women had appeared to have car trouble and had sought their help. A few days later the police, acting on information, obtained a search warrant for the residence of one of the women and recovered both Earls' toolbox and a gun subsequently identified as the one used in the robbery. Some two months later both victims were shown five photo arrays and positively identified all four of the principals in the robbery. Two of the latter, after arrest, pled guilty to two counts of armed robbery and two counts of false imprisonment. At trial the female who had pled guilty testified to the details of the incident, implicating, *inter alios,*

Miasso. Both victims testified at trial and positively identified Miasso as one of the participants in the crime. The defense attempted to impeach the testimony of the State's witnesses and also attempted to establish an alibi defense for Miasso. A Hall County jury found Miasso guilty of two counts of armed robbery and two counts of false imprisonment, and he received a sentence of twenty years, with fifteen to be served in prison. Miasso appeals, alleging that the evidence was insufficient to sustain the convictions. *Held*:

It is well settled that the appellate court does not weigh the evidence but merely assesses its sufficiency. *Whitten v. State*, 143 Ga. App. 768 (240 SE2d 107) (1977). In the instant case the testimony of a female accomplice, which alone and without independent corroboration would have been insufficient to authorize a conviction, *Howard v. State*, 181 Ga. App. 187 (351 SE2d 550) (1986), was amply corroborated by the testimony of both victims and by their positive identification of all four of the perpetrators. Both victims admitted that they had initially falsified the circumstances under which they had met the women, but their accounts of the events in the motel room were consistent with one another and with that of the confessed female perpetrator. Moreover, at least one item belonging to one of the victims was found on the premises of the confessed female perpetrator. The victims' explanation of the discrepancy regarding their initial encounter with the women was apparently considered by the jury to be consistent with human nature and ordinary experience, and therefore credible. See, e.g., *Castell v. State*, 250 Ga. 776 (301 SE2d 234) (1983); *Gunter v. State*, 243 Ga. 651 (256 SE2d 341) (1979). Other minor discrepancies, such as details of the perpetrators' appearance, are so slight as to be immaterial (e.g., when did an assailant's sunglasses fall off?).

Determination of the witnesses' credibility is, of course, within the discretion of the trier of fact. OCGA § 24-9-80; *Burnette v. State*, 165 Ga. App. 768 (302 SE2d 621) (1983). Moreover, the jury may believe one part of a witness' testimony without necessarily accepting as true the testimony as a whole. *Frazier v. State*, 152 Ga. App. 743 (264 SE2d 35) (1979). In view of the overwhelming evidence against Miasso, we find no error in the proceedings below and find the verdict authorized by the evidence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Whitmer & Law, G. Hammond Law III*, for appellant.

*Charles Andrew Fuller, District Attorney*, for appellee.