## A91A1430. LITTLE v. THE STATE.
### (413 SE2d 496)

SOGNIER, Chief Judge.

Frederick Little was charged with possession of cocaine with intent to distribute, driving without a license, and attempting to elude a police officer. A Lowndes County jury convicted him of cocaine possession and attempting to elude, and he appeals from the denial of his motion for new trial.

1. The State's case against appellant consisted primarily of the arresting officer's testimony that he observed appellant throw a plastic bag out his car window when the officer pulled up behind the car and turned on his blue lights. The officer testified that after detaining appellant, he retrieved a plastic bag from the roadside, and tests performed on the contents established that it contained 2.5 grams of cocaine. In addition, the State introduced evidence that in 1986 and 1988 appellant had pleaded guilty to possession of small amounts of cocaine. Appellant contends the admission of this similar crimes evidence was error.

In two recent cases, *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State,* 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), the Supreme Court outlined the procedure to be followed by the State when seeking to admit evidence of prior criminal transactions. First, the trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B) out of the presence of the jury. At this hearing the State must affirmatively show that (1) it seeks to introduce evidence of an independent crime or offense for an appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) the evidence is sufficient to establish that the accused committed the independent offense; and (3) there is sufficient similarity between the independent offense and the charged crime so that proof of the former tends to prove the latter. *Williams,* supra at 642 (2) (b). The trial court then must make and include in the record a determination that each of these elements has been satisfactorily shown by the State. Id. Second, in its presentation during trial the State must present to the trier of fact "evidence establishing both that the accused committed an independent offense or act and that the connection and/or similarity between that offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the latter." Id. at 642 (2) (c); *Stephens,* supra at 469 (6).

In the case at bar, the trial court did hold a hearing at which the

State proffered proof of the three elements required by *Williams*. However, we need not decide whether the court made the required findings thereon or whether that ruling was correct because the State failed to comply with the required showing before the jury. When presenting the similar crimes evidence to the jury, the State merely introduced certified copies of the guilty pleas. In *Williams* and *Stephens* that procedure was held to be reversible error because the jury was not presented with any evidence to establish the similarity or connection between the former transactions and the charged crime. *Williams*, supra at 642 (2) (d); *Stephens,* supra at 468-469 (6). We note that some evidence concerning the circumstances of the prior offenses was adduced during the prosecutor's cross-examination of appellant during the presentation of his defense. However, given the express statement in *Williams* that the State bears the burden of presenting the requisite evidence to the jury, we do not believe this duty was obviated by the fortuitous circumstance of appellant having elected to testify concerning the prior offenses. Moreover, we cannot say that the evidence was so overwhelming as to make the erroneous admission of the evidence harmless, see *Stephens,* supra, and accordingly we reverse.

2. Appellant also maintains the evidence was insufficient to authorize a conviction for attempting to elude an officer. At the time of the offense, OCGA § 40-6-395 (a) proscribed the willful failure or refusal to stop for a police officer "when given a visual *or* an audible signal to bring the vehicle to a stop." (Emphasis supplied.) However, the indictment charged appellant with attempting to elude "after having been given visual *and* audible signal to bring the vehicle to a stop." (Emphasis supplied.)[1] At trial, the arresting officer testified that he used only visual signals.

"The general rule that allegations and proof must correspond is based upon the requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense. [Cit.] If the indictment sets out the offense as done in a particular way, the proof must show it. [Cits.]" *Talbot v. State,* 198 Ga. App. 636, 637 (402 SE2d 366) (1991). Here, the failure to stop after receiving a signal is an essential element of the offense of attempting to elude, and accordingly the State was required to prove the signal was given in the manner alleged. See id. at 637-638. Since it failed to do so, the evidence was insufficient to sup-

---

[1] OCGA § 40-6-395 (a) was amended effective January 1, 1991 to substitute "and an audible" for "or an audible." Ga. Laws 1990, p. 2048, § 5.

port the charge as made in the indictment. See generally *Hardrick v. State*, 98 Ga. App. 649, 652 (2) (106 SE2d 342) (1958).

3. Appellant's remaining enumeration concerns a matter that is unlikely to recur upon retrial, and thus we need not address it.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 20, 1991.

J. *Bennett Threlkeld*, for appellant.

H. *Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.