A92A0976. DEWBERRY v. THE STATE.
(423 SE2d 310)

COOPER, Judge.

Appellant was convicted of conspiracy to traffic in cocaine. He appeals from the trial court's denial of his motion for new trial.

1. Appellant enumerates as error the admission into evidence of a prior guilty plea to a charge of possession of cocaine. Appellant argues that the State failed to establish any similarity or connection between the two offenses.

"In two recent cases, *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), the Supreme Court outlined the procedure to be followed by the State when seeking to admit evidence of prior criminal transactions. First, the trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B) out of the presence of the jury. At this hearing the State must affirmatively show that (1) it seeks to introduce evidence of an independent crime or offense for an appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) the evidence is sufficient to establish that the accused committed the independent offense; and (3) there is sufficient similarity between the independent offense and the charged crime so that proof of the former tends to prove the latter. [Cit.] The trial court must then make and include in the record a determination that each of these elements has been satisfactorily shown by the State. [Cit.] Second, in its presentation during trial the State must present to the trier of fact 'evidence establishing both that the accused committed an independent offense or act and that the connection and/or similarity between that offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the latter.' [Cits.]" *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496) (1991).

In the instant case, in a hearing out of the presence of the jury at the close of the State's case, the prosecutor failed to state the purpose for which the conviction was offered and set forth no facts demonstrating the similarity between the offenses. The State only argued that the cases were similar because the conspiracy to traffic charge

was technically a conspiracy to possess more than 400 grams of cocaine and the only difference between appellant's prior conviction and the current charge was the amount of cocaine involved. The State then introduced a certified copy of the indictment and guilty plea, which the trial court admitted without making the requisite findings. "While the certified copy may have been enough to establish that [appellant] committed the independent offense, it did not establish similarity or connection between that independent offense and the crime charged. Indeed, the state presented no evidence to the jury to establish that similarity or connection." *Williams*, supra at 643. Therefore, the trial court erred in admitting appellant's prior conviction. In addition, contrary to the State's contention on appeal, "we cannot say that the evidence was so overwhelming as to make the erroneous admission of the evidence harmless, [cit.], and accordingly we reverse." *Little*, supra at 8.

2. We need not address appellant's remaining enumerations of error because they are unlikely to recur upon retrial.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 8, 1992.

*Mullins & Whalen, Harold A. Sturdivant*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.