A92A1520. GRIER v. THE STATE.
(424 SE2d 358)

SOGNIER, Chief Judge.
Alexander M. Grier was convicted of sale of cocaine (Count 1) and possession of cocaine with intent to distribute (Count 2). He appeals from the denial of his motion for new trial.

1. Appellant contends the evidence was insufficient to support the verdict, asserting specifically that the State did not prove beyond a reasonable doubt that he was the person who had sold cocaine to undercover GBI agents. As to Count 1, GBI Agent Giles testified that he was participating in an undercover narcotics operation in Butts County on the night of January 8, 1991. Giles testified that he, fellow agent Michael Ayers, and a confidential informant saw a man he identified as appellant standing in an apartment doorway as they drove past in Giles's truck. Giles stated that appellant twice called to them to circle the block, and on their third passage he walked up to the passenger window, handed them several pieces of crack cocaine, and asked for money. During the short conversation that ensued, Giles turned on the truck interior light to illuminate appellant's face. Although Giles first testified appellant had a distinctive scar on his face but then was unable to discern a scar when he viewed appellant at trial, he stated he was certain of his in-court identification. Agent

Ayers testified consistently with Giles and also identified appellant as the perpetrator.

With regard to Count 2, Giles testified that he obtained an arrest warrant for appellant and executed it on February 22, 1991. Giles entered appellant's home to make the arrest, and when he searched appellant he found in appellant's back pocket a cigarette package filled with seven pieces of crack cocaine.

During his testimony, appellant admitted having seen and talked with Giles on the January night in question, but he denied selling cocaine to the agents. He also denied having any cocaine on his person when he was arrested. Appellant also testified that he had no scar on his face, and the court allowed him to approach the jury box so that the jurors could look closely at him.

Although there was a discrepancy in Giles's identification of appellant as the perpetrator of Count 1, Giles did have ample opportunity to observe appellant, and Giles did testify he was certain of his identification of appellant. Moreover, appellant admitted having talked with Giles on the night in question. Determination of the credibility of the witnesses is solely for the jury, *Miasso v. State*, 191 Ga. App. 222, 223 (381 SE2d 315) (1989), and under the evidence presented the jurors were authorized to believe the GBI agents' identification testimony. See id.

The identification of appellant as the perpetrator of Count 2 is not in dispute. Again, the jury was authorized to believe Giles's testimony that at the time of his arrest appellant was in possession of cocaine, and the jury was authorized to conclude further from the quantity of cocaine appellant possessed and the evidence of his prior sale to the agents that he possessed the cocaine with the intent to distribute it. See *Davis v. State*, 200 Ga. App. 44-45, 46 (3) (406 SE2d 555) (1991). Accordingly, we find the evidence sufficient to satisfy the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Davis*, supra.

2. Appellant also enumerates as error the trial court's decision to allow the State to introduce into evidence a certified copy of a prior indictment and the ensuing judgment of conviction of appellant for sale of cocaine. Appellant objected below and on appeal on the grounds that the court had not held the hearing required by USCR 31.3 (B) and the State had not submitted evidence to show the similarity of the transactions.

In two recent cases, *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), the Supreme Court outlined the procedure to be followed by the State when seeking to admit evidence of prior criminal acts, which this court then summarized in *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496) (1991). In the case at bar, the trial court

did hold the requisite hearing, but the State failed to introduce, either at the hearing or during the trial, evidence establishing the similarity between the former crime and the crime charged. Instead, over appellant's objection, the State merely introduced a certified copy of the conviction and expressly declined to produce any evidence of the circumstances of the prior crime. This procedure was held in *Williams*, supra at 642-643 (2) (c, d) and *Little*, supra at 8 (1), to be reversible error.

However, in his ruling on appellant's motion for new trial the trial judge held the prior conviction properly was admitted for the purpose of impeaching appellant's testimony. The transcript reveals that although the court had informed counsel that the prior conviction would be admitted, it was not published to the jury until appellant testified on cross-examination that "I didn't sell no dope." The prosecutor asked "[y]ou don't sell any dope?" and appellant responded "[n]o, I don't." The prosecutor then presented to appellant for his verification the certified copy of his prior conviction and questioned him about the offense.

USCR 31.3, which was the foundation for the Supreme Court's rulings in *Williams* and *Stephens*, provides in paragraph (E) that "[n]othing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." Thus, if the evidence at issue was otherwise admissible for impeachment, the failure to follow USCR 31.3 (B) would not be error. *Chezem v. State*, 199 Ga. App. 869, 871 (406 SE2d 522) (1991). If a defendant testifies at his trial and denies having committed a certain crime, a certified copy of his conviction for such an offense would be admissible to establish the falsity of the defendant's assertion. *Williams v. State*, 257 Ga. 761, 762-763 (4, 5) (363 SE2d 535) (1988). Accordingly, we agree with the trial court that the evidence was admissible, and we affirm the judgment rendered below.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1992.

*William A. Fears*, for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney*, for appellee.