## A98A1345. MOODY v. DAVIS.
(505 SE2d 845)

McMurray, Presiding Judge.

On October 10, 1994, plaintiff James H. "Skip" Moody obtained a $75,000 judgment against A. E. "Johnny" Davis. On June 8, 1995, Davis sought protection under the provisions of the federal bankruptcy laws, and plaintiff's judgment debt was discharged. On May 13, 1996, plaintiff initiated the instant action to set aside certain allegedly fraudulent conveyances.

The only defendant named was the spouse of A. E. "Johnny" Davis, defendant Joanne Davis, "individually and as agent for . . ." Galaxy Services a/k/a Galaxy Investment Corporation ("Galaxy"). The case was tried before the Superior Court of Floyd County upon stipulated facts.

A. E. Davis owned 75 percent of the shares in Crownco Electric Company ("Crownco"), while plaintiff owned 25 percent. Mr. Davis also owned 100 percent of the shares in Galaxy. Galaxy sued Crownco and obtained a default judgment against Crownco. Without formal

execution on this judgment, all the assets of Crownco were transferred to Galaxy, wholly owned by A. E. Davis. Plaintiff contends this amounted to a fraudulent conveyance, because defendant "Joanne Davis knew or reasonably should have known *at the time she accepted* certain real property [from her father-in-law's estate] and *at the time she accepted* control of the assets of Galaxy . . . that said assets would be potentially subject to any judgment obtained by Plaintiff." (Emphasis supplied.) Plaintiff also contends the fact that A. E. "Johnny Davis did waive his interest in the estate of his father in favor of his spouse . . ." amounted to a fraudulent conveyance.

At the conclusion of the case, the trial court granted defendant Joanne Davis' motion for directed verdict (involuntary nonsuit) and also granted plaintiff's motion to dismiss defendant's counterclaim. From the judgment in favor of defendant Joanne Davis, plaintiff brings this direct appeal. *Held*:

1. Plaintiff first argues that he states a claim that A. E. Davis fraudulently assigned a chose in action, by executing an assent to the probate of his father's last will and testament. This will devised an undivided one-third share of the father's estate to defendant Joanne Davis (rather than A. E. Davis himself) and one-third shares to the brother and the sister of A. E. Davis.

OCGA § 18-2-22 (2) provides that the following acts *by debtors* shall be fraudulent in the law against creditors and null and void as to them: "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such transaction is known to the taking party. . . ." "A testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the state." OCGA § 53-2-9 (a). The May 7, 1994 "assent to the probate of said will in solemn form . . ." executed by "Asa Eugene Johnny Davis" (A. E. Davis) as an heir of the testator did not operate as an assignment or conveyance of any property interest of A. E. Davis subject to execution and levy by plaintiff, since his judgment was not entered until October 10, 1994.

2. Similarly, when the only named defendant, Joanne Davis, allegedly accepted property through Galaxy's execution of its judgment against Crownco, plaintiff had not yet obtained his judgment against non-party A. E. Davis. Consequently, plaintiff was not a creditor at the time of the alleged conveyances, nor was defendant or Galaxy plaintiff's debtor. In the case sub judice, the trial court correctly directed the verdict for defendant. OCGA § 9-11-50 (a); *Brown v. Truluck*, 239 Ga. 105, 107 (236 SE2d 60).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

148

DECIDED AUGUST 31, 1998.

*Douglas R. Daum*, for appellant.
*Harl C. Duffey III*, for appellee.