## S99A0862. HUDSON v. THE STATE.

(521 SE2d 810)

BENHAM, Chief Justice.

Appellant Tommie Gene Hudson was convicted of the 1995 murder of David Sims and the aggravated assault of Hudson's fiancee, Tejuana Whitehead.[1] Ms. Whitehead testified that, in the early months of 1995, while she was engaged to marry appellant, she and the victim had had a sexual affair. On the day of the shootings, she had been in the room she used as a bedroom with the victim, who had found the gun she kept hidden under her bed. She took the gun from him and put it in a desk drawer. During this time, appellant called on a cellular phone to tell her he was on his way to her apartment. Ms. Whitehead had the victim hide in her closet and let appellant into the apartment. When appellant asked the whereabouts of the gun and Ms. Whitehead could not find it in the desk drawer, she left the dwelling to get her purse from her car, hoping that appellant would follow her outside. Instead, appellant remained inside and she heard

---

[1] The crimes occurred on March 28, 1995. Appellant was arrested three months later, and was indicted by the Dougherty County grand jury in October 1995. His trial commenced on January 22, 1996, and concluded on January 29 with the jury's return of guilty verdicts. On February 8, the trial court sentenced appellant to life imprisonment for the malice murder conviction and imposed a twenty-year concurrent sentence for the aggravated assault and two concurrent five-year terms for the two firearm possession convictions. Appellant's motion for new trial was filed February 21 and was denied June 11. Appellant's first Notice of Appeal was filed 48 days after the denial of his motion for new trial and resulted in this Court's dismissal of his appeal as untimely in September 1996. OCGA §§ 5-6-38 (a); 5-6-48 (b) (1). Thereafter, appellant filed a petition for writ of habeas corpus which resulted in the grant of an out-of-time appeal on February 8, 1999. Appellant filed a notice of out-of-time appeal the same day, and the appeal was docketed in this Court on March 17. It was submitted for decision on briefs.

a shot. She re-entered the apartment and saw the two men struggling. She saw appellant leave the house with his shirt bloodied. He took the engagement ring off her finger and hit her and shot her when she grabbed him. She admitted at trial that she had not told police previously about the gun in the desk drawer or having seen the two men struggling. The medical examiner who performed an autopsy on the victim testified that he died from three gunshot wounds, and that the gun had been pressed against the victim's flesh when he was shot in the head below the left ear and in the neck and chest. A gunshot residue expert testified that hand wipings of the victim eliminated the possibility that the victim had discharged a firearm.

Appellant testified that he heard a noise from the back of the apartment after Ms. Whitehead had left. When he investigated the noise, a man armed with a gun attacked him. The two men struggled and the gun went off, fatally wounding the victim. Appellant then left the bedroom, got the engagement ring from Ms. Whitehead, and hit her with his hand holding the gun, causing the gun to discharge and a bullet to strike her.

1. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it admitted evidence of appellant's 1994 guilty plea conviction for aggravated assault as a "similar transaction." At trial, a certified copy of the 1994 aggravated assault indictment[3] and appellant's entry of a guilty plea thereto was entered into evidence. Neither the victim of the earlier aggravated assault nor any witnesses thereto testified, but two law enforcement officers involved in the investigation of the earlier incident testified that .25 caliber bullet shells were recovered from the scene of the aggravated assault and, as a result of their investigation, appellant was charged with aggravated assault and pled guilty. Appellant contends the officers' testimony was inadmissible hearsay and that the admission of the certified copies was not sufficient evi-

---

[2] It was established that appellant previously had been convicted of aggravated assault and possession of a firearm during the commission of a felony.

[3] The indictment charged appellant with aggravated assault of another person in that appellant "did unlawfully make an assault upon the person of . . . by shooting at him with a certain hand gun, an instrument which when used offensively against a person is likely to result in serious bodily injury. . . ." The indictment also charged appellant with possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, having been convicted in 1992 of aggravated assault.

dence of the purported similarity of the prior incident.[4]

Generally in a criminal trial, proof that the defendant committed a distinct, independent, and separate offense is highly and inherently prejudicial, irrelevant and inadmissible, even if it is a crime of the same sort for which the defendant is being tried, unless there is some logical connection between the independent act and the crime for which the defendant is being tried, from which it can be said that proof of one tends to establish the other. *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991). See also *Williams v. State*, 261 Ga. 640 (2) (a) (409 SE2d 649) (1991). The prosecutor seeking to introduce a defendant's independent offense must establish in a pre-trial hearing, among other things, the similarity between the independent act and the crime for which the defendant is being tried. Uniform Superior Court Rule 31.3 (b); *Williams v. State*, supra, 261 Ga. 640 (2) (b). The State is also obligated to present proof of similarity at trial in order that the trier of fact may make a reasoned determination whether the independent act is sufficiently similar to the charge being tried so as to be relevant in the trial of the case being tried. *Belt v. State*, 227 Ga. App. 425, 426 (489 SE2d 157) (1997), rev'd on other grounds, *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998). The State's establishment of a prima facie case of similarity at the pretrial hearing does not satisfy the State's evidentiary burden at trial. *Stephens v. State*, supra, 261 Ga. at 468-469. The introduction of a certified copy of a prior conviction alone is not sufficient evidence of the nexus between the independent crime and the offense charged necessary for the admission of evidence of an independent crime. Id.; *Harris v. State*, 216 Ga. App. 672 (1) (455 SE2d 387) (1995); *Grier v. State*, 206 Ga. App. 93 (2) (424 SE2d 358) (1992); *Faulkner v. State*, 206 Ga. App. 3 (1) (424 SE2d 287) (1992); *Dewberry v. State*, 205 Ga. App. 752 (1) (423 SE2d 310) (1992); *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496) (1991). A certified copy of an indictment and conviction supplements the critical *testimonial* evidence regarding the similarity between the crime charged and the prior conviction. *Davis v. State*, 269 Ga. 276, 278 (496 SE2d 699) (1998). See also *Burgess v. State*, 264 Ga. 777 (18) (450 SE2d 680) (1994) (certified copy of conviction *along with* detailed testimony of an accomplice to that crime sufficient to render independent crime admissible in trial of current offense). But see *Parrott v. State*, 206 Ga. App. 829 (5) (427 SE2d 276)

---

[4] Pursuant to *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991), the trial court held a pre-trial hearing on the issue and found that the State sought to introduce evidence of the independent offense for an appropriate purpose, that there was sufficient evidence establishing appellant as the perpetrator of the independent act, and that there was sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tended to prove the latter.

(1992) (introduction of indictment and conviction based on guilty plea sufficient to establish the requisite similarity between current crime and prior offense where indictment was very detailed and alleged with particularity that the defendant committed the earlier crime in the same manner as he was alleged to have committed the crime for which he was being tried); *Kirkland v. State*, 206 Ga. App. 27 (3) (424 SE2d 638) (1992) (in dicta, the appellate court suggested that the face of a prior indictment and conviction for driving while an habitual violator and driving under the influence would be sufficient to demonstrate similarity to the DUI and habitual violator crimes for which a defendant was currently on trial because, "[u]nlike . . . crimes against the person or property of a victim . . . which can be committed under varying factual circumstances, [DUI and habitual violator] are essentially committed under the same factual circumstances"), but see *Sheffield v. State*, 237 Ga. App. 701 (2) (516 SE2d 563) (1999), where the Court of Appeals held that the use of a certified copy of the defendant's prior DUI conviction was insufficient to prove the similar transaction; and *Adams v. State*, 208 Ga. App. 29 (3) (430 SE2d 35) (1993) (four members of the Court of Appeals held that when a defendant is on trial for the sexual abuse of young children, an indictment and guilty plea for a prior act of sexual abuse of a child is sufficient evidence of similarity to authorize admission of the prior bad act without evidence of the facts surrounding the earlier act).[5]

In the case at bar, the State supplemented the 1994 aggravated assault conviction with the testimony of two officers who investigated the earlier incident. One of the officers had responded to the call for police help at the home of appellant's mother, collected six spent .25 caliber bullet shells at the scene, and developed appellant and his brother (later named in the 1994 indictment as the victim of the aggravated assault), as possible suspects. The other officer testified that he had interviewed appellant's brother, who had not been injured in the incident. Because of hearsay objections sustained by the trial court, none of the facts underlying the 1994 incident were presented to the jury. As a result, the State failed to present the trier of fact "with evidence establishing . . . that the connection and/or similarity between [the 1994] offense or act and the crime charged is such that proof that the accused committed the former tends to prove that the accused also committed the latter." *Williams v. State*, supra, 261 Ga. at 642. Without evidence of similarity, the certified copy of the 1994 indictment and guilty plea should not have been admitted.

---

[5] Because none of the exceptions to *Stephens* carved out by the Court of Appeals are applicable in the case at bar, we pass no judgment on the validity of the exceptions.

*Williams v. State,* supra, 261 Ga. at 643; *Stephens v. State*, supra, 261 Ga. at 469.

We agree with the district attorney's position that any error in the admission of the prior conviction as a similar transaction was harmless because the conviction was admissible to impeach appellant's testimony. Under cross-examination by the assistant district attorney, appellant asserted he was not a fighter and did not "mess with nobody and don't nobody mess with me." When the assistant district attorney queried whether appellant was a shooter, appellant denied the appellation, and the assistant district attorney apparently presented him with the certified copy of his 1994 guilty plea conviction for aggravated assault. The evidentiary requirements of *Williams* and *Stephens* are not applicable when a prior conviction is used to impeach the defendant. See USCR 31.3 (E); *Grier v. State*, supra, 206 Ga. App. at 95. Since the evidence of appellant's prior conviction was admissible for purposes of impeachment regardless of whether it was similar to the crime for which appellant was currently being tried, the lack of evidence of the similar nature of the prior independent offense did not render the evidence inadmissible.

3. Lastly, appellant contends the trial court erroneously failed to sua sponte instruct the jury that the jury could not consider the prior act evidence against appellant until it had determined that the facts of the prior act were sufficiently similar to the facts established in the case at bar so that the former tended to prove the latter. Without expressing an opinion on the propriety of the charge appellant now contends should have been given, we conclude that the failure to give such a charge is not error in the absence of a request. *Murphy v. State*, 270 Ga. 72 (2) (c) (508 SE2d 399) (1998). See also *State v. Belt*, supra, 269 Ga. 763.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Ingrid P. Driskell,* for appellant.
*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Gregory W. Edwards, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.