A00A0762. JONES v. THE STATE.
A00A0763. GRAHAM v. THE STATE.
(533 SE2d 437)

RUFFIN, Judge.

A Camden County jury found Edward Jones and Bobby Graham guilty of violating the Georgia Controlled Substances Act by selling and distributing cocaine. In Case No. A00A0762, Jones challenges the sufficiency of the evidence. In Case No. A00A0763, Graham contends that the trial court erred in admitting evidence of similar transactions, instructing the jury with regard to the similar transactions, and denying his motion for new trial. As both cases involve the same operative facts, we have consolidated them on appeal. For reasons that follow, we affirm.

The record shows that, beginning in 1996, the Camden County

---

[6] See *Quiller v. Bowman,* 262 Ga. 769, 771 (1) (425 SE2d 641) (1993).

Sheriff's Department was engaged in an 18-month-long undercover operation to capture suspected drug dealers. As part of this operation, Investigator Lynda Taylor posed as a truck driver's wife who was purchasing crack cocaine to sell to truck drivers and others.

On September 20, 1996, Taylor drove to the intersection of Dover Bluff Road and Highway 17, and she parked on the side of the road near a clearing in the woods. Taylor saw Graham, who was standing in the clearing. Taylor testified that Graham told her, "Don't park here; go across the road." He then asked her what she wanted, and Taylor responded "60," which, according to Taylor, means $60 worth of crack cocaine. Graham said "Okay," and Taylor pulled across the street and parked her truck.

While watching through the rearview mirror, Taylor saw Jones come out of the clearing and walk across the street. Jones went to the driver's side window and handed Taylor six pieces and several crumbs of what she believed to be crack cocaine, and Taylor gave him $60. James Campbell, a forensic chemist with the Georgia Bureau of Investigation, testified that he tested the substance Jones handed to Taylor and it was crack cocaine. Both Jones and Graham were charged with selling the crack cocaine.

## Case No. A00A0762

1. Taylor's truck was equipped with a hidden camera, which captured the transaction on a videotape that was shown to the jury. Apparently, the video did not actually show Jones handing Taylor the crack cocaine.[1] Jones argues that, without the actual exchange on video, "[t]here existed no independent evidence that any contraband was delivered by Mr. Jones to Officer Taylor." Thus, in his sole enumeration of error, he contends that the evidence was insufficient to support his conviction.

On appeal from a criminal conviction, Jones no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to upholding the jury's verdict.[2] As long as there is some competent evidence to support each element of the State's case, we will uphold the jury's verdict.[3] "Furthermore, the testimony of a single witness is generally sufficient to establish a fact."[4]

Here, Taylor testified unequivocally that Jones handed her the crack cocaine in exchange for $60, which constitutes a violation of the

---

[1] The videotape was not included with the record on appeal.

[2] *Hagood v. State*, 228 Ga. App. 693, 694 (2) (492 SE2d 606) (1997).

[3] Id.

[4] (Punctuation omitted.) Id.

Georgia Controlled Substances Act.[5] There is no legal requirement that the State capture the event on videotape. Accordingly, the evidence was sufficient to support Jones' conviction.

### Case No. A00A0763

2. Following a hearing on the admissibility of the evidence, the trial court allowed the State to introduce evidence of two similar transactions. In two enumerations of error, Graham contends that the trial court erred in admitting this evidence.

The first incident, which occurred on October 3, 1996, also took place at the intersection of Dover Bluff Road and Highway 17. Taylor saw Jones, Graham, and others standing in the same clearing in the woods. Taylor entered the clearing and asked Graham if he had $100 worth of crack cocaine, and he said yes. Taylor left to get the money and, when she returned, said, "My customer only had $80.00." Graham pointed to a bucket that contained the crack cocaine, and Taylor put the money in the bucket and took the cocaine.

The second transaction occurred on September 23, 1997, in Glynn County. Police Officer David Westall testified that a confidential informant told him that a man named "Bobby was coming from Camden County to deliver a quantity of cocaine to his house." Westall and another officer drove to the informant's house, and Westall saw Graham talking to the informant. As soon as the officers identified themselves as police, Graham grabbed a package from his car, began to run from the officers, and then threw the package. The police officers then chased and tackled him. Graham admitted to the police that the package he had thrown contained about 40 pieces of crack cocaine. Graham then pled guilty to possession of cocaine with intent to distribute.

Graham argues that the trial court erred in admitting this evidence. As a general rule, proof that the defendant committed a criminal act other than the one for which he is on trial is inadmissible because of its highly prejudicial nature.[6] Accordingly, Georgia courts limit the introduction of such independent criminal acts to those that have a logical connection to the crime being tried.[7] In order to admit this "similar transaction" evidence, the State must first show (1) that the evidence is offered for a proper purpose; (2) that sufficient evidence exists that the defendant committed the similar transaction; and (3) that there are enough similarities between the other transaction and the charged offense that proof of the former tends to prove

---

[5] See OCGA § 16-13-30 (b).

[6] *Hudson v. State*, 271 Ga. 477, 479 (2) (521 SE2d 810) (1999).

[7] Id.

the latter.[8] A proper purpose for the introduction of the evidence would be to establish motive, intent, plan, identity, bent of mind or course of conduct.[9]

Graham contends that the State did not have a proper purpose for admitting the similar transaction evidence. He argues that the only reason the State offered the evidence was to impugn his character. We disagree. As Graham acknowledges, one of the issues in this case was whether he participated in the sale or was merely a bystander. Thus, evidence that he had engaged in similar conduct in the past was properly admitted to establish his bent of mind and course of conduct.

Graham also contends that the trial court erred in admitting the similar transaction evidence without first balancing its probative value against its prejudicial impact. There is no requirement, however, that the trial court conduct an express balancing determination on the record.[10] Accordingly, this claim of error lacks merit.

3. Graham argues that the trial court erred in instructing the jury with respect to the similar transaction evidence. The trial court gave limiting instructions to the jury three times — twice when the State introduced the similar transaction evidence and once in its general charge. The two times the trial court issued contemporaneous limiting instructions, Graham failed to object and, thus, waived any error in this regard.[11]

In its general charge, the trial court instructed the jury that the similar transaction evidence was "admitted for the limited purpose of showing, if it did show, the defendant's identity, bent of mind or course of conduct as it relates to the criminal charges in this case."

As Graham notes, his identity was not at issue, because he stipulated that he was one of the men captured in the videotape of the crime. Thus, Graham argues that the limiting instruction was overbroad. But we fail to see how this legally accurate, if overbroad, instruction harmed Graham.[12] The jury was still authorized to consider the similar transaction evidence to establish Graham's course of conduct and bent of mind. We find it highly unlikely that the inclusion of the word "identity" confused the jury. Accordingly, this claim of error presents no basis for reversal.

4. In a related enumeration of error, Graham maintains that the trial court erred in failing to "limit the [similar transaction] instruc-

---

[8] *Ford v. State*, 239 Ga. App. 257, 258 (2) (520 SE2d 923) (1999).

[9] *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999).

[10] *Byrd v. State*, 236 Ga. App. 485, 488 (6) (c) (512 SE2d 372) (1999).

[11] *Parrish v. State*, 237 Ga. App. 274, 281 (5) (514 SE2d 458) (1999).

[12] See *Jones*, supra at 333-334 (2) (b) (unnecessary inclusion of phrase "state of mind" in limiting instruction was unlikely to have misled jury and, thus, did not require reversal).

tions as to the specific defendant against whom it could be considered." It is true that when similar transaction evidence pertains to only one of several defendants, the trial court should caution the jury to consider the evidence with respect to only that one defendant.[13] Here, however, all of the similar transaction evidence pertained to Graham. Accordingly, his complaint has no basis.

5. Finally, Graham contends that the trial court erred in denying his motion for new trial. Graham provides no new argument in support of this contention but merely points to the arguments made in Divisions 2 through 4 of this opinion. For the reasons set forth in those divisions, we affirm.[14]

*Judgments affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 6, 2000.

*Clyde M. Urquhart,* for appellant (case no. A00A0762).
*John J. Ossick, Jr.,* for appellant (case no. A00A0763).
*Stephen D. Kelley, District Attorney, James J. Presswood, Jr., Assistant District Attorney,* for appellee.

---

[13] See *Williamson v. State,* 234 Ga. App. 146 (505 SE2d 845) (1998).
[14] See *Albert v. State,* 236 Ga. App. 146, 151 (4) (511 SE2d 244) (1999).
[1] (Citation omitted.) *Smith v. State,* 237 Ga. App. 77 (1) (514 SE2d 710) (1999); see *White v. State,* 238 Ga. App. 367 (1) (519 SE2d 13) (1999).