## A01A1311. MOSES v. THE STATE.
(555 SE2d 246)

BLACKBURN, Chief Judge.

Following a jury trial, Keith Moses appeals his conviction for six counts of selling cocaine, arguing that the evidence was insufficient to support his convictions. We find that the evidence was sufficient and affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *Jackson v. Virginia;*[1] *Grant v. State.*[2] So viewed, the evidence shows that the Oconee Drug Task Force sent two confidential informants into Hawkinsville with instructions to purchase drugs from anyone who would sell them.

---

Task force agents equipped the car that the informants were to use with a recorder and hidden videocamera. The first informant testified that, on February 23, 1998, he purchased crack cocaine from Moses during two separate transactions. Over the course of the next few weeks, the informant testified that he purchased crack cocaine from Moses during three additional transactions: February 26, 1998, April 15, 1998, and April 16, 1998. At trial, the jury viewed videotapes of all five of these sale transactions.

On April 20, 1998, a different informant purchased crack cocaine from Moses in front of Moses' house. This informant testified that he had known Moses for two years and knew where Moses lived. A videotape of this transaction was also presented to the jury. This informant identified Moses as the seller of the cocaine. During its deliberations, the jury was allowed to view all of the videotapes a second time.

Moses argues that the State's evidence was insufficient to identify him as the person selling the cocaine. However, both confidential informants identified Moses as the seller. Although the first confidential informant testified on cross-examination that he based his testimony on the videotapes, he also testified that he recognized Moses when he came into court to testify. The second informant admitted to using illegal drugs over a period of years while he was acting as an informant. However, he had known Moses for approximately two years. The cross-examination of the two confidential informants may have introduced some question regarding their credibility, but witness credibility is the jury's province, and from the evidence presented, the jurors were authorized to believe the informants' identification testimony. See *Grier v. State*.[3] Furthermore, the jury had access to the videotapes of the transactions, viewed them twice, and could determine the identity of the persons shown therein. We find that a rational trier of fact could have found Moses guilty of the counts of sale of cocaine for which he was convicted. See *Jackson v. Virginia*, supra. Moses' enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 12, 2001.

*Straughan & Straughan, Mark W. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.

---

[3] *Grier v. State*, 206 Ga. App. 93, 94 (1) (424 SE2d 358) (1992).