## A04A2066. ROBINSON v. THE STATE.
(605 SE2d 422)

JOHNSON, Presiding Judge.

A jury found Floyd Robinson guilty of criminal attempt to rape and simple battery. In his sole enumeration of error, Robinson claims the trial court erred in admitting evidence of similar transactions. We find no error and affirm Robinson's convictions.

The evidence at trial showed that the victim knew Robinson because she was dating Robinson's cousin. Robinson had previously visited the victim to inquire about her cousin. At approximately 10:00 p.m. on August 18, 2001, Robinson came to the victim's apartment and began asking the victim about her cousin. Robinson then went into the bathroom for several minutes. When Robinson came out of the bathroom, he grabbed the victim, pinned her down on the bed, and tried to pull down her shorts. The victim was very scared. She began screaming and trying to pull up her shorts. The victim got to the telephone and tried to call for help, but Robinson took it away and hit her on the side of the head with the telephone. The victim continued struggling and screaming loudly. According to the victim, Robinson never said anything during the attack.

Neighbors heard the victim's screams and kicked in the door. They saw Robinson on top of the victim, holding her down. Robinson had the victim's shorts and panties down, and Robinson's penis was exposed. The victim continued to scream when the neighbors broke in the door, and Robinson did not stop holding the victim down until one of the neighbors pulled him off the victim. Robinson then hit the victim on her face before leaving the room. After Robinson left, a neighbor called the police.

Robinson admitted he was in the victim's room that night when the neighbors kicked in the door, admitted he wanted to have sex with the victim, and admitted he smoked cocaine in the victim's bathroom. According to Robinson, cocaine makes him paranoid and makes him think a person wants to have sex when she may not.

During the trial, the state presented evidence of two similar transactions. One victim testified that in August 1999, Robinson entered her home through a window, awoke her by grabbing her, overpowered her, wrestled off her shorts, and raped her. According to the victim, Robinson never spoke during the attack. The victim recognized Robinson because previously he rode the school bus with her children.[1] A second victim testified that in May 1986, Robinson attempted to rape her when he entered her home through a window and got on top of her. Robinson grabbed the telephone from the victim's hand, pulled up her nightgown and tried to rape her. However, the victim's daughter returned home and recognized Robinson, so he fled.[2]

The trial court held a hearing on the state's motion to admit similar transaction evidence. The stated purpose of presenting the evidence of similar transactions was to show Robinson's bent of mind, intent, motive, identity, lustful disposition and course of conduct. The state argued that the past sexual assaults were sufficiently similar to the attempted rape in this case because all three were violent sexual assaults against unwilling women at night. During the hearing, the state noted that its purpose for introducing the similar transactions was to show Robinson's bent of mind, lustful disposition and course of conduct. The trial court ruled that the past sexual assaults were admissible.

When each previous victim testified, the trial court instructed the jury to consider the testimony for limited purposes: (1) the 1999 incident to show Robinson's bent of mind or course of conduct, and (2) the 1986 incident to show Robinson's identity, state of mind, intent, or course of conduct. In addition, during the general jury instructions, the trial court instructed the jury that the similar transaction evidence may only be considered "for the limited purpose of showing, if it does, the state of mind, or the intent, or the course of conduct in the crimes charged in the case now on trial."

Before similar transaction evidence can be introduced, the state must make three affirmative showings as mandated by *Williams v.*

---

[1] Robinson argued that the sex was consensual, and a jury found him not guilty of rape.

[2] Robinson entered a guilty plea and was convicted of criminal attempt to commit rape in 1986.

*State.*[3] First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. Here, Robinson does not dispute that he committed the separate offenses or that the separate offenses are sufficiently similar to the present offense, he merely challenges the purposes for which the transactions were introduced and argues that the prejudice in admitting the similar transaction evidence far outweighs its probative value. We find no error in admitting the similar transaction evidence.

"The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses."[4] And, a trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.[5] In the present case, Robinson claimed he did not attempt to rape the victim, even though eyewitnesses testified that they saw him attempting to rape her. According to Robinson, the cocaine made him believe the victim wanted to have sex. Based on Robinson's defense, the state sought to introduce similar transaction evidence to show that Robinson has a bent of mind to try and rape women and the course of conduct to do so at their homes during the night. The state also sought to introduce the similar transaction evidence to show Robinson's lustful disposition and to corroborate the victim's testimony of no consent. These purposes, which rebut a defense of consent, are valid bases for admitting the prior sexual assaults.[6] The similar transaction evidence was highly probative in this case, and the trial court did not abuse its discretion in admitting the evidence.

Moreover, while Robinson correctly notes that identity was not at issue since he admitted he was the individual seen by the eyewitnesses when they kicked in the door to the victim's apartment, we fail to see how the trial court's overbroad similar transaction instruction during testimony harmed Robinson. We find it highly unlikely that the inclusion of the word "identity" during the initial similar transaction jury instruction confused the jury.[7]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[3] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[4] (Citation and punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

[5] Id.

[6] See *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978); *Rowe v. State*, 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003); *Bloodworth v. State*, 173 Ga. App. 688, 689 (1) (327 SE2d 756) (1985).

[7] See *Jones v. State*, 243 Ga. App. 374, 377 (3) (533 SE2d 437) (2000).

DECIDED OCTOBER 1, 2004.

Word & Simmons, Maryellen Simmons, for appellant.
Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, for appellee.