**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 26, 2025**

# In the Court of Appeals of Georgia

A25A0675. AWUI v. THE STATE.

BROWN, Judge.

Following a jury trial, Kodzo Caleb Awui was convicted of felony fleeing and eluding a police officer, reckless driving, speeding, and failure to maintain lane.[1] He appeals, contending that the trial court erred by (1) denying his motion for directed verdict and (2) erroneously instructing the jury. We affirm[2].

---

[1] The jury acquitted Awui of driving under the influence (less safe).

[2] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving *Little v. State*, 202 Ga. App. 7, 8 (2) (413 SE2d 496) (1991) (Sognier, McMurray, Andrews).

Viewed in the light most favorable to support the verdict, see *Summerlin v. State*, 339 Ga. App. 148, 149 (793 SE2d 477) (2016), the evidence presented at trial shows that a Hall County Sheriff's Deputy was in his patrol car conducting speed enforcement on Interstate 985 on the night of June 14, 2023, when he clocked Awui driving at 117 miles per hour in a 70-mile-per-hour zone. The deputy activated his blue lights and pursued Awui on the interstate for six miles until Awui crashed into another vehicle. During that time, Awui turned off his headlights, traveled off the shoulder three times, swerved between other cars, and reached a speed of 120 miles per hour. At trial, the deputy testified that in addition to activating his blue lights, he turned on his siren, but that the knob "got stuck" between two of the three different noise modes and "there was no noise coming out." Awui elected not to testify but called a defense witness who testified that he was a mechanic and was familiar with Awui's vehicle because he had replaced the vehicle's engine. The mechanic testified that Awui had two side mirrors on his vehicle but no rearview mirror.

At the close of the State's case, Awui moved for a directed verdict, arguing that the indictment charged that he was given both an audible and visual signal by the

2

deputy, but the State failed to prove that an audible signal was given. The trial court denied the motion.

1. Awui contends that the trial court erred in denying his motion for directed verdict on felony fleeing and eluding a police officer because the State failed to prove all material allegations of the indictment. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." (Citation and punctuation omitted.) *Ellington v. State*, 314 Ga. 335, 339 (2) (877 SE2d 221) (2022).

The indictment charged that Awui committed the offense of fleeing or attempting to elude a police officer

> for that the said accused in the County of Hall and the State of Georgia, **on the 14th day of June, 2023**, did willfully flee a pursuing police officer after having been given an audible and visual signal, to wit: lights and sirens, to bring his vehicle to a stop by Deputy Green, said officer at the time [of] giving such signal, being in uniform prominently displaying his badge of office, and his vehicle being appropriately marked showing it to be an official police vehicle, and did operate his vehicle in excess of 20 miles per hour above the posted speed limit, in violation of OCGA § 40-

6-395, contrary to the laws of said State, the good order, peace and dignity thereof.[3]

(Emphasis in original.)

Awui contends that because there was no evidence that the siren on the deputy's vehicle was active, the State's evidence proved only that he was given a visual signal and that under *Little v. State*, 202 Ga. App. 7, 8 (2) (413 SE2d 496) (1991), he could not be convicted of fleeing and eluding a police officer. We interpret Awui's argument as asserting a fatal variance claim and find it meritless. See, e.g.,

---

[3] OCGA § 40-6-395 (a) defines the offense of fleeing or attempting to elude a police officer as follows:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

The offense becomes a felony when the driver "while fleeing or attempting to elude a pursuing police vehicle or police officer . . . [o]perates his or her vehicle in excess of 20 miles an hour above the posted speed limit[.]" OCGA § 40-6-395 (c) (1).

*Mathews v. State*, 314 Ga. 360, 365-366 (2) (a) (877 SE2d 188) (2022); *Maxwell v. State*, 348 Ga. App. 870, 875 (2) (825 SE2d 420) (2019) (defendant asserted fatal variance argument based on evidence presented at trial that he used his arm to choke the victim rather than his hands as alleged in the indictment). See generally *Holman v. State*, 329 Ga. App. 393, 401 (2) (b) (ii) (765 SE2d 614) (2014) ("averments in an indictment as to the specific manner in which a crime was committed . . . must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law").

> In evaluating whether there is a fatal variance between the indictment and the trial evidence, our inquiry focuses on whether there has been such a variance as to affect the substantial rights of the accused. Generally, a variance is fatal only if the allegations: (1) fail to definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise and (2) are not adequate to protect the accused against another prosecution for the same offense.

(Citations and punctuation omitted.) *Mathews*, 314 Ga. at 365-366 (2) (a). See also *Lawson v. State*, 278 Ga. App. 852, 853 (2) (630 SE2d 131) (2006) ("[n]ot all differences between an indictment and proof constitute fatal variances") (citation and

punctuation omitted). We recognize the general rule that "if the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." (Citation and punctuation omitted.) *Martinez v. State*, 325 Ga. App. 267, 269 (1) (a) (750 SE2d 504) (2013). However, "our courts no longer employ an overly technical application of the fatal variance rule, focusing instead on materiality." (Citation and punctuation omitted.) *Fortner v. State*, 350 Ga. App. 226, 230 (1) (828 SE2d 434) (2019).[4]

Here, the "the crime of fleeing and attempting to elude is committed when the officer who is in a police car gives a driver a signal to stop is both in uniform with the badge prominently displayed and the officer's vehicle is appropriately marked as an

---

[4] The fatal variance rule and requirement of materiality was adopted by the Supreme Court of Georgia in *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969). See *Lawhorn v. State*, 200 Ga. App. 451, 453 (1) (408 SE2d 425) (1991). In *DePalma*, the indictment charged the defendant with robbery in that he "did, take from the person of [the night watchman] without his consent, he being the owner, the person in control and possession of following described personal property to wit: one .38-calibre Smith & [Wesson] revolver pistol." (Punctuation and emphasis omitted.) 225 Ga. at 469 (3). The statute at the time defined robbery as the "the wrongful fraudulent, and violently taking of money, goods[,] or chattels from the person of another, without the consent of the owner or person in possession or control thereof." (Punctuation omitted.) Id. Although the trial evidence showed that the revolver did not belong to the night watchman, the Court concluded that the variance between the indictment and the uncontroverted evidence was not fatal. Id.

6

official police vehicle." See *Chambers v. State*, ___ Ga. ___ (1) (___ SE2d ___) (Case No. S24A1005, decided January 28, 2025). The words "visual" or "audible" are simply descriptive of the type of signal given and not material to the offense. See, e.g., *Fortner*, 350 Ga. App. at 229-231 (1). Accordingly, Awui was not subjected to either of the dangers against which the fatal variance rule protects. See, e.g., *Delacruz v. State*, 280 Ga. 392, 397 (3) (627 SE2d 579) (2006). Because there was overwhelming evidence that Awui wilfully fled a signal to stop from a pursuing police officer, there was no fatal variance and the trial court did not err in denying his motion for directed verdict. See, e.g., *Fortner*, 350 Ga. App. at 229-231 (1); *Medina v. State*, 312 Ga. App. 399, 401, n.9 (718 SE2d 323) (2011) (we will affirm a trial court's ruling if it is right for any reason).[5]

2. Awui also complains of a variance between the indictment and the jury charge. The trial court charged the jury that "[w]hen a count of an indictment charges that the defendant committed a crime in more than one way, you may convict him if

---

[5] Given this holding, and the requirement of materiality as set forth in *DePalma*, supra, we disapprove *Little*, to the extent it holds that "visual" and "audible" are material elements of the offense of fleeing and eluding an officer. 202 Ga. App. at 8 (2).

the evidence shows that the crime was committed in any one of the ways charged."

It further charged the language of the statute, OCGA § 40-6-395 (a) as follows:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his . . . vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given *a visual or an audible signal* to bring the vehicle to a stop. The signal given by the police officer may be by . . . emergency light . . . or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

(Emphasis supplied.)

Because Awui did not object to this instruction after the jury charge and before the jury retired to deliberate, his claim may be reviewed on appeal only for plain error. See OCGA § 17-8-58 (b). See also *Jivens v. State*, 317 Ga. 859, 861 (1) (896 SE2d 516) (2023) ("[a]n objection voiced at the charge conference does not preserve for ordinary appellate review a party's objection to the charge as subsequently given[;] to preserve an objection to a jury charge for ordinary appellate review, the defendant must restate his objection after the court gives its instructions and before the jury retires to deliberate"). Regardless of the standard of review, however, given our ruling in

8

Division 1 that there was no fatal variance, this enumeration is likewise without merit. See generally *Palencia v. State*, 359 Ga. App. 307, 311 (3) (b) (i) (855 SE2d 782) (2021), reversed in part on other grounds, *Palencia v. State*, 313 Ga. 625 (872 SE2d 681) (2022); *Fitzpatrick v. State*, 339 Ga. App. 135, 140 (2) (793 SE2d 446) (2016).

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*